PAUL E. RUPLINGER AND MILDRED E. RUPLINGER, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ruplinger v. Commissioner
Docket No. 12636-82.
United States Tax Court
T.C. Memo 1984-166; 1984 Tax Ct. Memo LEXIS 503; 47 T.C.M. (CCH) 1430; T.C.M. (RIA) 84166; April 3, 1984. Paul E. Ruplinger, pro *504 se. Karl Zufelt and Martin F. Klotz, for the respondent. KORNER
MEMORANDUM FINDINGS OF FACT AND OPINION KORNER, Judge: Respondent determined deficiencies in petitioners' income tax for the calendar years 1978 and 1979 in the respective amounts of $4,812.04 and $5,124.96, together with additions to tax for 1978 of $240.60 and for 1979 of $256.24, both under the provisions of section 6653(a). [1] After concessions, the following issues remain for our decision: (1) Whether petitioners were entitled to deductions, as claimed in their returns, alleged to have been incurred in carrying on a trade or business in the State of Utah; (2) whether petitioners were entitled to investment credit in each of the years 1978 and 1979, with respect to certain assets allegedly purchased by them in those years for use in connection with said alleged trade or business; (3) whether petitioners were entitled to deductions in 1978 and 1979 for certain expenses allegedly incurred by petitioner Paul E. Ruplinger on behalf of a partnership of which he was a member; (4) whether petitioners are liable to additions to tax for negligence under section 6653(a). [2]
*505 FINDINGS OF FACT At trial, the parties filed stipulations of fact with certain joint exhibits, and such stipulated facts are incorporated herein by this reference. Petitioners Paul E. Ruplinger and Mildred E. Ruplinger, husband and wife, were residents of San Diego, California, during the calendar years 1978 and 1979, and at the time of filing their petition herein. They timely filed joint Federal income tax returns for the calendar years 1978 and 1979. [3]
In 1978 and 1979, petitioner, who was 72 years old in 1978 and was a retired highway engineer, receiving a retirement pension from the State of California, owned property in Beaver County, Utah, consisting of a rural tract of approximately 10 acres and a 2-unit duplex house in the town of Beaver. This property was approximately 600 miles from petitioner's residence in San Diego, California. Except for a metal quonset hut of approximately 20 X 70 feet and a well with electric pump, the rural tract was unimproved. There were some pens on the property for the purpose of holding pheasants, but in 1978 and 1979, these were in a state *506 of disrepair. One of the two units in the duplex house in the town of Beaver was reserved for the use of petitioners, when they came to visit the property. The other unit was rented out occasionally, and otherwise was unoccupied. In San Diego, petitioners devoted some of their time to the raising of pheasants. Some of the birds appear to have been bred, whereas other birds were purchased.During the years in question, petitioners sold some pheasants. Others were transported by petitioners to the property in Beaver County, Utah, and were released to run wild. Petitioner made to attempt to trap, shoot or sell these birds. In the year 1978, petitioner realized income from the sale of some trees on the Beaver County property. In both 1978 and 1979, petitioner realized gross income from the rental of certain mechanical equipment which he had on the Beaver County property. A summary of the sources and amounts of gross income derived by petitioner from the Beaver County property is as follows: SOURCE
1978
1979
Sale of Pheasants
$ 270
$210
Sale of Trees
168
Services and Rent of
Equipment
1,048
301
$1,486
$511
During the years in question, petitioner *507 paid the following expenses with respect to the Beaver County property: EXPENSE
1978
1979
Fuel
$169
Insurance
47
40
Electricity
44
43
Purchase Pheasants
20
Telephone
18
$280
$101
In each of the years 1978 and 1979, petitioner made two trips from San Diego to visit his Beaver County property. For each of the years 1978 and 1979, petitioner reported gross income and expenses from the Beaver County property on Schedule C attached to each return, as income and expense from carrying on a trade or business. For 1978, total expenses in the amount of $7,695.20 were claimed, and $10,581.29 was claimed for 1979, including, inter alia, items such as car and truck expenses, depreciation, repairs and supplies. For 1978, a net loss of $6,299.28 was shown from this operation, and a net loss of $10,070.19 was shown for 1979. In addition, petitioner claimed investment credit in his 1978 return in the amount of $463.30 for alleged new property placed in service in that year costing $4,633 (not otherwise identified), and, for 1979, claimed investment credit of $850, for alleged used property placed in service costing $8,500 (also not otherwise identified). *508 Upon audit, respondent disallowed the net losses claimed by petitioner with regard to the Beaver County operation for 1978 and 1979, on the grounds that petitioner had not established that such losses had been incurred, nor that they were incurred in carrying on a trade or business. The net effect of respondent's determinations was to allow petitioner's claimed expenses only to the extent of income reported. With respect to petitioner's claimed investment credits, respondent for 1978 allowed a credit of $13.30 for new property with a cost basis of $133.00. He disallowed the balance of the claimed credit for 1978, and all of it for 1979, for lack of substantiation. During the years 1978 and 1979 petitioner was a partner with his son in a partnership using the name A-1 Land Clearing. This partnership was engaged in demolishing buildings and clearing land. Petitioner reported his distributive shares of the partnership net income in Schedule E of his tax returns for each year but, in addition, claimed further deductions in connection therewith of $5,881.40 in 1978 and $8,991 in 1979 on account of alleged unreimbursed out-of-pocket expenses which he had incurred on behalf of the *509 partnership, for such items as automobile mileage, promotion and entertainment expenses. Upon audit, respondent disallowed these claimed additional expenses in their entirety. [4]
In his statutory notice of deficiency herein, respondent further determined that petitioners were liable to a 5 percent addition to the deficiency determined, under section 6653(a), for negligence or intentional disregard of rules and regulations. OPINION Issue I. Losses From Beaver County Property.
Issue II.Investment Credit.
Respondent determined that the net losses claimed by petitioners for each of the years 1978 and 1979 with respect to their activities at the Beaver County, Utah, property were not allowable, both (a) *510 because the amounts claimed were not substantiated, and (b) because petitioner had not shown that he was engaged in a trade or business or in a transaction entered into for profit. The latter point would require an extensive consideration of the applicable law under sections 162, 183 and 212, with all the gloss that the many cases decided under those sections have added to the body of the law in this area. In this case, however, no such extensive examination is necessary, because petitioners have completely failed to substantiate the claimed losses. Respondent's statutory notice clearly placed in issue the question of the substantiation of the claimed expenses, to the extent thawt they exceeded the gross income from the Beaver County operation, and petitioners had the burden of proof to establish that they actually incurred the expenses for which business deductions under section 162 were claimed in their returns. To the extent disallowed by respondent, they also had the burden of establishing the costs, qualifying nature of the property and year placed in service, with respect to property for which they claimed a credit against tax under section 38. ; *511 Rule 142(a). This they have completely failed to do. There is no evidence in this record to support the various out-of-pocket expenses claimed in summary form by petitioners on Schedule C of their returns, beyond the minor amounts stipulated by the parties and detailed in our findings, and there is likewise no substantiation of the costs, years of acquisition or even identification of the various tangible assets on which petitioners were claiming investment credit. Even if we were able to find in this record that petitioner's activities with respect to his Beaver County property rose to the level of a trade or business, the claimed deductions and investment credits would therefore still not be allowable. Petitioner candidly admitted at trial that he kept no books and records, and nothing in the nature of cancelled checks or other acceptable evidence was offered to verify the amounts, either in whole or in detail, of the various expenses, depreciation, and other items which would have supported his position. Given this total failure of proof, we can do nothing else but hold for respondent on this issue. [5]
*512 Issue III. Expenses Incurred on Behalf Of The Partnership.
Respondent likewise disallowed expenses claimed by petitioner for alleged unreimbursed amounts expended by him for the benefit of a partnership of which he was a member, on the grounds that (a) such expenditures had not been substantiated and (b) that the expenses were not incurred in connection with a trade or business of the petitioner. Here again, petitioner's failure of proof was total. Not a scrap of evidence was presented substantiating the amounts for alleged automobile mileage, travel and entertainment and other similar expenses which petitioner claimed to have spent on behalf of the A-1 Land Clearing partnership. We therefore must again sustain respondent's determination, noting further that even if petitioner had proved the expenditures claimed by him on behalf of the partnership, such proof would not of itself be sufficient to allow these amounts to petitioner as an individual deduction. Where expenses of a partnership are paid by a partner and there is no agreement among the partners that such expenditures must be made by him, the expenses, even though proved, are to be considered to be expenses *513 of the partnership and not of the individual partner, and are therefore not deductible by him. . No such proof was offered in the instant case. Issue IV. Additions To Tax Under Section 6653(a).
Respondent determined additions to the deficiencies under section 6653(a), having determined that petitioner was negligent, or intentionally disregarded respondent's rules and regulations. The burden of proof on this issue was upon petitioners, ; . Given the large amounts claimed as deductions by petitioner, both with respect to the Beaver County property as well as the A-1 Land Clearing partnership, and petitioner's apparent failure to make any pretense of keeping adequate records by which such expenditures could be substantiated, we can find no error in respondent's determination on this issue, and it is accordingly approved. Decision will be entered under Rule 155.
Footnotes
1. All statutory references herein are to the Internal Revenue Code of 1954 as in effect in the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted. ↩
2. A further technical issue is presented with regard to the correct amount of petitioners' liability for self-employment tax. This issue is automatically controlled by the outcome of issues (1), (2) and (3), noted above, and will not be referred to further herein. The parties are in apparent agreement on this, neither one having mentioned it at trial or on brief.↩
3. All references hereinafter to "petitioner" refer to petitioner Paul E. Ruplinger.↩
4. Respondent also disallowed all the charitable contributions claimed by petitioners in their returns in the amounts of $5,401 in 1978 and $5,480 in 1979. The parties have now stipulated, however, that petitioners are entitled to charitable deductions for 1978 of $5,401 and $9,060 in 1979, subject to the applicable 50 percent of adjusted gross income limitation of sec. 170(b)(1), such amounts to be given effect in the recomputation herein under Rule 155.↩
5. In an apparent attempt to bolster his position that his activities with respect to the Beaver County property constituted a trade or business, petitioner attached to his brief a number of ex parte affidavits and other documents from persons who were not called as witnesses herein. Ex parte affidavits and statements in briefs do not constitute evidence and will not be considered by the Court. Rule 143(b); ; see .↩